**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

TOM K. BOYER,

          Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.

Case No. 07-CV-611-FHM

**OPINION AND ORDER**

Plaintiff's [Motion] for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 22] and a Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b)(1) [Dkt. 21] filed by Plaintiff's counsel, Timothy M. White are before the undersigned United States Magistrate Judge for decision.

**Relief Pursuant to Fed. R. Civ. P. 60(b)(6)**

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505.

On February 4, 2008, the Court remanded this case to the Commissioner for further administrative action. [Dkt. 15]. On June 17, 2009 the Commissioner issued a fully favorable decision awarding benefits to Plaintiff. [Dkt. 21-2]. By letter dated September 7,

2009, a Notice of Award was issued which explained that 25% of past-due benefits, an amount of $14,064, was being withheld for payment of attorney fees. [Dkt. 21-2, p. 14]. The instant motion was filed on November 3, 2009.

The Commissioner notes that the instant motion was filed four and a half months after the Notice of Decision and raises a question about the timeliness of the motion. Counsel for Plaintiff argues that since the Administrative Law Judge's decision is subject to review by the Appeals Council on its own motion for 60 days after the decision,[1] the determination of timeliness should not begin to run until the 60-day period has expired. If the 60-day period is taken into account, then the instant motion was filed approximately two and a half months after the Commissioner's decision became final.

The Court finds that the determination of timeliness should not begin to run until the Notice of Decision become final upon the expiration of the 60-day period following the date the Notice of Decision was issued. Calculating from that date, the Court finds that the instant motion was filed within a reasonable time of the decision awarding benefits.

Plaintiff's [Motion] for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 22] is GRANTED.

---

[1] The Notice of Decision contains the following language:
> [W]ithin 60 days from the date shown below, the Appeals Council may review your case on its own motion. . . . If you do not file written exceptions and the Appeals Council does not act on its own motion, the decision of the Administrative Law Judge will become the final decision of the Commissioner after remand on the 61st day after the date of this notice.

[Dkt. 21-2, p. 2].

**Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)**

Counsel seeks approval of an attorney fee award of $ 14,064 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee agreement between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed he does not object to the requested fee award. [Dkt. 21-3, p. 6]. The Court previously granted Plaintiff's application for an award of $ 5,258.80 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. [Dkt. 20]. The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff. Counsel has submitted a document signed by Plaintiff, which contains Plaintiff's acknowledgment that the attorney fee "will be 25% of my past due benefits." [Dkt. 21-3, p. 1].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section

406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

The undersigned concludes that the requested fee award of $14,064 which is 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the agreement between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $ 465 per hour for 30.2 hours of work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. And finally, when the amount of the EAJA fee award, $ 5,258.80, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is an out-of-pocket payment from Plaintiff of $ 8,805.20 that is 15.7% percent of his past due benefits.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b), [Dkt. 21] is GRANTED as follows:

Counsel is awarded $14,064 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $5,258.80 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 8th day of February, 2010.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE